IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY ENGRAM, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-19-1986 |
| ALLEN GANG, et al., | * | |
| Respondents | * | |

**MEMORANDUM OPINION**

Petitioner Timothy Engram, an inmate at the Jessup Correctional Institution in Jessup, Maryland, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 1999 conviction for first degree murder and related offenses. ECF Nos. 1, 2 and 6. Respondents have filed a limited Answer in which they argue that the Petition should be dismissed as untimely. ECF No. 8. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Mr. Engram was afforded an opportunity to explain why the Petition should not be dismissed as time barred. ECF No. 9. Mr. Engram has responded. ECF Nos. 10 and 11. Upon review of the submitted materials, the court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6 (D. Md. 2018). For the reasons set forth below, the petition will be DISMISSED as time barred.

**I.     Background**

After a jury trial in the Circuit Court for Baltimore City, Mr. Engram was convicted of first-degree murder, second-degree murder, and two counts of use of a handgun in the commission of a crime of violence on October 15, 1999. ECF No. 8-1, pp. 3-4, 7, 17, 20, 30.[1] He was sentenced

---

[1]     Citations are to the pagination assigned by the court's electronic docket.

on December 9, 1999, to life imprisonment without the possibility of parole plus an additional fifty-year sentence, to be served consecutive to his life sentence. *Id*., pp. 3-4, 8, 17, 21, 30. Mr. Engram noted a timely appeal, which was denied and his convictions were affirmed in an unreported opinion entered on December 8, 2000. *Id*., pp. 8, 22, 29-47. The Court of Special Appeals of Maryland's mandate issued on January 8, 2001. *Id*., pp. 9, 22. His timely Petition for Writ of Certiorari was denied by the Court of Appeals of Maryland on June 22, 2001. *See Engram v. State*, 364 Md. 536 (2001) (table). He did not file a petition for writ of certiorari in the United States Supreme Court. ECF No. 6, p. 3.

While he pursued his appellate remedies, Mr. Engram also filed an application for review of his sentence by a three-judge panel. ECF No. 8-1, pp. 8, 21. The three-judge panel ruled that the sentence remain unchanged on June 28, 2000. *Id*., pp. 9, 22.

Mr. Engram filed a petition for post-conviction relief in the Circuit Court for Baltimore City on August 26, 2009. ECF No. 8-1, pp. 9, 20. After a hearing held on October 30, 2009, the post-conviction court denied the petition on December 7, 2009. *Id*., pp. 10, 23. Mr. Engram's timely application for leave to appeal the denial of his post-conviction petition was denied by the Maryland Court of Special Appeals. *Id*., pp. 11, 24. The court's mandate issued on July 29, 2011. *Id*., pp. 11, 24.

Mr. Engram filed the instant Petition on June 27, 2019. ECF No. 1-1, p 2.[2] In the Petition as supplemented, he contends that "prior bad act" evidence was improperly admitted during his trial and argues that he should not have been charged or convicted of the handgun offenses because no one saw him with a gun. ECF No. 6, p. 5.

---

[2] The envelope is marked processed and shipped by the mailroom on June 27, 2019, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding that a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule).

**II.     Discussion**

    **A.  Timeliness**

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a) (2012).  Moreover, a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l).  This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending.  *See id.* at § 2244(d)(2).

Respondents assert that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d).  ECF No. 8. Respondents correctly note that Mr. Engram's conviction became final on September 20, 2001, when the time for filing a petition for a writ of certiorari with the Supreme Court expired.  *See* U.S. Sup. Ct. R. 13 ("A petition or a writ of certiorari seeking review of a judgment of a lower

state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.")

As such, Mr. Engram's time for filing a federal petition expired on September 20, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). Although the period during the pendency of Mr. Engram's post-conviction petition is tolled, *see* 28 U.S.C. § 2244(d)(2), the time to file this Petition had expired long before the post-conviction petition was filed. Between the finality of Mr. Engram's conviction and the expiration of the limitation period, he had no application for state post-conviction relief or other collateral review pending which would have served to toll the limitations period. *Id*.

### B. Equitable Tolling

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

4

In regard to the untimely filing of this Petition, Mr. Engram states in his Supplemental Petition that unspecified transcripts were not timely prepared and that he had neither knowledge of the law, nor the ability to retain counsel to assist him.  ECF No. 6, p. 5.  Mr. Engram further argues that he was not aware of any time limit for filing this petition.  ECF No. 11, p. 1.

Mr. Engram does not specify what transcripts were not prepared timely, who was responsible for preparing the transcripts, why the transcripts were necessary for him to be able to proceed with his case, or what efforts he took to secure the unspecified transcripts.  Thus, he is not entitled to equitable tolling of the statute of limitations due to the alleged delay in the preparation of transcripts.

In regard to Mr. Engram's additional explanations for the delay in filing this Petition, ignorance of the law does not constitute grounds for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling").  Moreover, Mr. Engram's lack of knowledge cannot be considered "extraordinary" or something "external" to him.  *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246*; Harris*, 209 F.3d at 330.

Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted), Mr. Engram did not act with reasonable diligence.  Mr. Engram's conviction became final in 2001, thereby triggering the limitation period, but he delayed filing this federal Petition until 2019, almost eighteen years later.  The court concludes that Mr. Engram is not entitled to equitable tolling.

**III.   Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because Mr. Engram fails to satisfy this standard, the court declines to issue a Certificate of Appealability.  Mr. Engram may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV.   Conclusion**

For the foregoing reasons, the Petition is DENIED and DISMISSED as time-barred.  The court declines to issue a Certificate of Appealability.  A separate Order shall issue.


January 11, 2021                                               _____/s/_____
                                                               DEBORAH K. CHASANOW
                                                               United States District Judge